[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
This matter has been remanded by the Appellate Court so that this court may consider whether or not the petitioner was afforded adequate and effective assistance of counsel at the time of his conviction. The facts of the case are set forth in the habeas court's original Memorandum of Decision dated March 16, 1992, as well as in the Appellate Court's decision reported at 30 Conn. App. 677 (1993).
Attorney Jerry Gruenbaum was retained for a fee of one hundred dollars. He filed a full appearance. Although he sensed that the issue of petitioner's mental health at the time of the commission of the crime was a viable defense, he did non CT Page 5348 hire any expert or otherwise conduct a meaningful investigation of Copas' mental state. The only substantive insight into the petitioner's mental health was rendered in a report by the Court's Diagnostic Clinic, which report was ordered by Judge Kelly after accepting Copas' plea of guilty.
Copas himself made Gruenbaum aware of his drug and alcohol abuse and family and marital problems. Petitioner's mother made counsel aware of the difficulties her son experienced when he was in school and she brought him some school records. Gruenbaum never inquired any further. Gruenbaum failed to meet with a drug counsellor at a facility in which the petitioner had spent several months, although the meeting had been arranged. Even though there was talk of rescheduling the appointment, Gruenbaum never pursued it.
Petitioner's trial counsel had a phone conversation with a psychiatrist at Brooklyn Correction Center where Copas was housed before trial. That phone call appears to be the only item of investigation initiated by Gruenbaum.
This court agrees with Attorney Jon Schoenhorn, who appeared on behalf of the petitioner during the habeas trial as an expert in criminal law.
1. Gruenbaum failed to request a state funded expert and that failure fell below the minimum standards of acceptable professional conduct.
2. Gruenbaum "viewed this as a black and white case of either not guilty by reason of insanity or guilty without so much as consideration of other defenses that are available pursuant to the statutes." Reasonably competent assistance of counsel requires at least an identification and an understanding of what all the potential mental defenses are in a case in which the defendant is charged with murder.
Gruenbaum's failure to fully appreciate possible defenses and/or to investigate same prevented him from having any truly meaningful pre-trial discussions with the State's Attorney. There is a reasonable probability that, but for Gruenbaum's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668,687-688 (1984). Certainly petitioner's decision to plead guilty to murder was not an informed decision. CT Page 5349
The judgment is vacated and a new trial ordered.
By the Court,
HOWARD SCHEINBLUM JUDGE, SUPERIOR COURT